IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROWN HELICOPTER, INC., UNITED AERONAUTICAL CORP., and ASSOCIATED AIRCRAFT MFG. & SALES, INC., ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Case No. |
| UNITED STATES DEPARTMENT OF DEFENSE, ) ) | |
| Defendant. ) ) ) | |

### PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

Pursuant to LCvR 65.1, plaintiffs Brown Helicopter, Inc., United Aeronautical Corp. and Associated Aircraft Mfg. & Sales, Inc. ("Associated") respectfully move for a temporary restraining order prohibiting defendant United States Department of Defense, through its underlying agency Defense Reutilization & Marketing Service, from proceeding with the sale and destruction of certain surplus military equipment located at Davis Monthan Air Force Base. The points and authorities demonstrating that a temporary restraining order is appropriate are set forth in plaintiffs' memorandum filed herewith. A proposed order is attached hereto.

Plaintiffs respectfully seek a hearing on this application no later than close of business on Monday, May 8, 2006.

For the reasons set forth in the accompanying memorandum, plaintiffs respectfully request that their motion for a temporary restraining order be granted and that the Court grant it

1

the relief sought in their memorandum.

                                        Respectfully submitted,


                                        John J. Fausti
                                        D.C. Bar No. 349811
                                        Fausti & Associates, LLC
                                        4301 Connecticut Avenue, NW
                                        Suite 453
                                        Washington, DC  20008
                                        (202) 237-0505 (phone)
                                        (202) 237-7566 (fax)
                                        jfausti@faustilaw.com

Of counsel:

Lisa Studtmann
Fausti & Associates, LLC
4301 Connecticut Avenue, NW
Suite 453
Washington, DC  20008
(202) 237-0505 (phone)
(202) 237-7566 (fax)
lstudtmann@faustilaw.com

Kevin R. Garden
DC Bar No. 426745
THE GARDEN LAW FIRM, P.C.
901 N. Pitt Street
Suite 325
Alexandria, VA 22314
Telephone:   (703) 535-5565
Facsimile:   (703) 997-1330
Email: kevin@gardenlawfirm.com


Dated:  May 5, 2006

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BROWN HELICOPTER, INC., UNITED AERONAUTICAL CORP., and ASSOCIATED AIRCRAFT MFG. & SALES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No.<br>)<br>)<br>)<br>) |

## [PROPOSED] ORDER

Having reviewed plaintiffs' Motion for a Temporary Restraining Order along with its

pleadings in support thereof, and defendant's opposition to plaintiffs' motion, and having heard

oral argument by the parties, and in consideration of the foregoing,

**IT IS HEREBY ORDERED THAT**

Plaintiffs' motion for a temporary restraining order is granted and that defendant United

States Department of Defense is hereby enjoined from proceeding with the sale and subsequent

destruction of the aircraft which are currently located at Davis Montham Air Force Base in

Arizona, and which items are included in what has been designated as Event 6079 by

Government Liquidation and described as: LOT (27, 000, 000 LBS) SCRAP AIRCRAFT TERM

CONTRACT LOCATED AT DAVIS MONTHAN AFB, AMARC AREA. AIRCRAFT TYPES

INCLUDE; C141, SOME WITH ENGINES, C130, S3, A4, F14, T34, H53, TITAN MISSLES

1

STAGE 1 AND 2 WITH SLEEVES AND TARGET DESIGNATORS, the bidding for which is scheduled to conclude on May 9, 2006.

Dated: _____

                                       _____
                                       United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROWN HELICOPTER, INC., UNITED AERONAUTICAL CORP., and ASSOCIATED AIRCRAFT MFG. & SALES, INC., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Case No. |
| UNITED STATES DEPARTMENT OF DEFENSE, | ) ) |
| Defendant. | ) ) ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiffs Brown Helicopter, Inc. ("Brown"), United Aeronautical Corp. ("UAC") and Associated Aircraft Mfg. & Sales, Inc. ("Associated") hereby submit this memorandum in support of their motion for a temporary restraining order prohibiting defendant United States Department of Defense, through its underlying agency the Defense Reutilization & Marketing Service ("DRMS") from proceeding with the sale and destruction of certain government property as described below. The defendant's impending sale, which will occur on Monday, May 9, 2006, violates law and will result in irreparable harm to Brown and UAC, as well as cause harm to the public interest due to the loss of significant revenues and valuable aircraft parts. For these reasons, the issuance of a temporary restraining order is necessary at this time.

1

### A.    Factual Background

Since shortly after World War II, the federal government has been selling

government surplus military aircraft to private industry.  Declaration of Ronald W. Guy

at ¶ 7 (attached hereto as Exhibit 1).  These sales achieve two goals.  First, they provide

funds to the federal treasury by avoiding wasteful destruction of government property.

Second, they provide private industry with critical parts for use in various industries, such

as forest fire suppression, logging and construction, and for meeting the needs of friendly

nations which use these aircraft and parts from these aircraft for their own security and

routinely need parts to keep them usable.  *Id.* at ¶ 8; Declaration of John H. Lane at ¶¶ 4-

5 (attached hereto as Exh. 2).  Also, at times the United States government will also

purchase parts when they have a shortage of such parts on hand.  Exh. 1 at ¶ 9.  This

results from the fact that the government cannot retain all of its surplus material, but at

times (often many years later) it will have a need for replacement parts it no longer has in

stock.  *Id.*  Because plaintiffs and others like them retain such parts, the government

saves significant expenses by purchasing these items from surplus dealers rather than

having to obtain them at significantly higher prices from the original equipment

manufacturers *Id.* at 10.

Plaintiffs are in the business of purchasing surplus government property, which

includes the exact same types of military aircraft and components at issue in this matter,

and reselling parts from those aircraft to qualified entities for various uses.  Exh. 1 at ¶ 3;

Exh. 2 at ¶  3.  These entities include companies which use military surplus aircraft in

various industries, such as the forest fire suppression, logging and construction industries.

Exh. 1 at ¶ 4.  In addition, plaintiffs also sell parts to friendly nations, when approved by

the United States government, to help preserve those nations' national security.  Exh. 1 at ¶ 5.  The aircraft at issue in this matter are in limited supply and their availability is critical to plaintiffs' continued viability, as well as being critical to those which purchase these parts through plaintiffs.  Exh. 1 at ¶ 11.

Pursuant to a delegation of authority from the General Services Administration, DRMS sells military aircraft when they are determined to no longer be needed by the government.  40 U.S.C. § 542; 41 C.F.R. Part 102-36.  DRMS implements a contract it has entered into with Government Liquidation, Inc. ("Government Liquidation") to conduct these sales pursuant to online bidding processes.[1]  When a military aircraft or a component of the aircraft is deemed to have a potential military use, that aircraft or component may be required to be "demilitarized" before or as a condition of being sold, which means that any military capability of the aircraft or specific component must be destroyed.  41 C.F.R. § 102-36.40, 102-36.430.  However, in many situations, components of military aircraft are not required to be destroyed and can be sold "as is." *See* Exh. 1 at ¶ 13-14.

DRMS is required by regulation to utilize the appropriate demilitarization codes assigned to components of surplus property when selling those components.  41 C.F.R. §§ 101-42.1102-8, 102-36.435.  These codes are set forth in the DOD Demilitarization and Trade Security Control Manual, DOD 4160.21-M-1 ("DoD Demill Code"). *Id.*  They include codes "A" and "B," which indicate that a part may be sold "as is" as surplus for commercial resale and does not need to be demilitarized.  Exh. 1 at ¶ 13.

---

[1] Notwithstanding its contract with Government Liquidation, DRMS is still required to ensure that the contractors conform with applicable laws in any sale of surplus property.  41 C.F.R. § 102-36.50.

As demonstrated by the past sales of the very same aircraft at issue here, often a military aircraft can be demilitarized by destroying certain specific components of the aircraft without the entire aircraft being destroyed. Exh. 1 at ¶ 14. In 1997, the Department of Defense (DoD) Inspector General concluded that "[i]naccurate demilitarization coding occurs" by DRMS which results in entire aircraft being unnecessarily destroyed. *See* Exh. 1 at ¶ 15 and Att. B thereto (DoD Inspector General' Office, "*Audit Report on Coding Munitions List Items*," Report No. 97-130, dated April 16, 1997). The IG also noted that in many instances DRMS relies on the manufacturer of the aircraft to determine whether or not the aircraft or its components should be destroyed. *Id.* However, the aircraft manufacturers have a self-serving financial interest in having the aircraft completely destroyed so that the used parts cannot be resold by other entities. Exh. 1 at ¶ 16. This unnecessary destruction results in the entities which need such parts to either purchase them from the manufacturer, at much higher prices, or purchase new aircraft from the manufacturer. *Id.* The then-named General Accounting Office (now Government Accountability Office or GAO) also issued a report that concluded that DRMS was needlessly destroying military aircraft parts. *See* Exh. 1 at ¶ 17 and Att. C thereto (GAO Report, October 2, 1997 at 5).

DRMS is currently offering as part of a single sale, through Government Liquidation, Inc., the following types of aircraft to which DRMS retains title: C141, C130, S3, A4, F14, T34, and H53. *See* Att. A attached to Exh. 1. These materials are currently located at Davis Monthan Air Force Base in Arizona and the aircraft total 27,000,000 pounds in weight. *Id.* The government originally purchased these aircraft for many, many millions of dollars. Exh. 1 at ¶ 12.

4

The aircraft contain parts and components which are coded as "A" or "B" under the DoD Demill Code. Exh. 1 at ¶ 18. This coding means that the parts can be sold for commercial resale. Exh. 1 at ¶ 13. In addition, the sale of these parts for subsequent resale would result in significant revenue to the government. Exh. 1 at 19. Plaintiffs have purchased these same types of aircraft from the government in the past, thus demonstrating that the aircraft are suitable and appropriate for resale for use in other industries. Exh. 1 at ¶ 20.

However, DRMS is requiring that these aircraft be completely destroyed by the purchaser as a condition of the sale and used solely for scrap purposes. Exh. 1 at ¶ 21.[2] The destruction is to be accomplished by physically shredding the aircraft using a commercial shredder. *Id.* The shredding will permanently destroy the aircraft's use for purposes of spare parts or other useable commercial purposes. *Id.* Notwithstanding the millions of dollars which the government spent to acquire these aircraft, the minimum bid for their sale, given that they have to completely shredded, is $50. Exh. 1 at ¶ 22.

**B.    Legal Standard for Issuance of a Temporary Restraining Order**

The Court's legal analysis related to issuance of a temporary restraining order is the same as the four-prong test used for preliminary injunctions. *See Raymen v. United Senior Association, Inc.*, 2005 WL 607916 (sl. op. March 16, 2005)(D.D.C. 2005). Under this test, the Court is required to evaluate (1) whether the plaintiffs have demonstrated that there is a substantial likelihood that they will prevail on the merits on

---

[2] The government is prohibited by law from destroying government property unless it has no commercial value or the cost of continuing to hold it exceeds the proceeds which would be obtained if it were sold. 40 U.S.C. § 527. By requiring any purchaser of the aircraft to destroy the aircraft, the government is essentially accomplishing the very act which is precluded under 40 U.S.C. § 527.

one of their claims; (2) whether the plaintiffs have shown that they will sustain irreparable harm if injunctive relief is not awarded; (3) whether the issuance of injunctive relief will not "substantially harm" the other parties; and (4) whether awarding relief is in the public interest. *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998).

As this Court has found, "[p]laintiffs are not required to prevail on each of these factors. Rather, under [*Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1989)], the factors must be viewed as a continuum, with more of one factor compensating for less of another. 'If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak.'" *Blackman v. District of Columbia*, 277 F. Supp. 2d 71, 77-78, *quoting CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995).

In addition, "an injunction may be justified 'where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury. . . Conversely, when the other three factors strongly favor interim relief, a court may grant injunctive relief when the moving party has merely made out a 'substantial' case on the merits. The necessary level or degree of likelihood of success that must be shown will vary according to the Court's assessment of the other factors." *Blackman*, 277 F. Supp. 2d at 78.

"In sum, an injunction may be issued 'with either a high probability of success and some injury, or vice versa.'" *Id.* (citations omitted).

**B.    There is a substantial likelihood that plaintiffs will succeed on the merits of their claim that the government is legally precluded from destroying the government property at issue.**

The government is required to properly classify surplus property to ensure that it is sold for appropriate use and that it provides appropriate revenue to the United States. 40 U.S.C. § 524. Specifically, the government is required to properly assign demilitarization requirements on all property which has potential military use for the same reasons. 41 C.F.R. §§ 102-36.430, 102-36.435. In addition, any entity which purloins or commits any depradation against property of the United States commits a criminal act. 18 U.S.C. §§ 641, 1361. These laws were intended to protect against government waste and unnecessary loss of government resources.

In the present case, DRMS has failed to properly classify the aircraft at issue as capable of being sold without their being destroyed. *See* Exh. 1 at ¶ 18. The aircraft currently being offered for sale have regularly been offered for sale in the past with no requirement that they be destroyed. Exh. 1 at ¶ 20. Moreover, UAC itself has paid millions of dollars for these same exact types of aircraft without them being required to shred the aircraft. Exh. 1 at ¶ 6, 20. By improperly imposing a requirement that the aircraft be destroyed, DRMS is arbitrarily wasting government resources because the scrap value of the aircraft is far less than their value if they were allowed to be resold.

Therefore, DRMS's actions constitutes a violation of 41 C.F.R. §§ 102-36.430, 102-36.435. Because the impending sale will also result in the sale of government property at far less than its actual value,[3] the action further constitutes a violation of the criminal statutes prohibiting the illegal sale or depredation of government property. 18 U.S.C. §§ 641, 1361.

---

[3] The lowest permissible bid for the 27,000,000 pounds of aircraft is $50. *See* Att. A to Exh. 1 (Government Liquidation notice of terms of sale, Page 2 of 3)(from http://cgi.govliquidation.com/auction/view?id+848145); *see also* http://www.govliquidation.com/list/e6079 (listing of sale).

The fact that the sale to the public is being administered by Government Liquidation pursuant to a contract with DRMS is irrelevant given DRMS holds the title to the aircraft and it is DRMS's ongoing responsibility to ensure that surplus military property is assigned the proper code for purposes of its sale. 41 C.F.R. § 102-36.50.

**C.    Plaintiffs have shown that they will sustain irreparable harm if injunctive relief is not awarded because the aircraft which they seek to purchase will be permanently destroyed as early as Tuesday, May 9, 2006.**

The aircraft at issue in this matter are in limited supply and their availability from the government is critical to plaintiffs' continued viability, as well as being critical to the companies which purchase these parts through plaintiffs. Exh. 1 at ¶ 11. Plaintiffs regularly buy and sell parts from these types of aircraft, and many of their clients rely upon them to supply them with parts in order to keep existing aircraft in use. Exh. 1 at ¶ 3-6. These aircraft perform many critical functions for various industries as well as foreign countries and the United States government as well. Exh. 1 at ¶ 4-6, 9-10.

Under the terms of the sales contract for the sale of the aircraft at issue, the contract is to be awarded on Tuesday, May 9, 2006 at 12:00 AM Eastern Time. Att. A to Exh. 1. After that point in time, the successful bidder will be entitled to destroy the aircraft at issue. *Id.* Once destroyed, the particular aircraft at issue will no longer be of any use for their parts. Exh. 1 at ¶ 21. Similarly, DRMS' determination that such types of aircraft will not be sold for use in supplying commercial parts will critically harm plaintiffs' businesses, in addition to the ability of plaintiffs' clients to continue with the services they provide using the types of aircraft at issue. *See* Exh. 1 at ¶ 8. Given these facts, the plaintiffs will be irreparably harmed by DRMS allowing the destruction of the aircraft at issue, rather than allowing parties to resell their parts.

**D.    The issuance of injunctive relief will not substantially harm any other parties and awarding injunctive relief is in the public interest.**

The Court's issuance of an injunction preventing DRMS with destroying the aircraft at issue will not cause any substantial harm to any other parties.  Preserving the aircraft in their current condition poses no health or safety risks.  Nor are plaintiffs aware of any critical need by any parties of the scrap material from the aircraft.  Furthermore, delaying the currently scheduled sale and destruction of the aircraft will not cause any irreparable harm to the government.  In addition, awarding injunctive relief will preserve the government's ability (as well as Government Liquidation's ability) to obtain significantly greater prices for the aircraft at issue as compared to the aircraft's scrap value.[4]    For that reason, injunctive relief is in the public interest.

**E.    Conclusion**

For the reasons set forth above, plaintiffs Brown Helicopter, Inc., United Aeronautical Corp. and Associated Aircraft Mfg. & Sales, Inc. respectfully request that the Court grant their motion for a temporary restraining order and issue an injunction prohibiting the government from proceeding with the sale and destruction of the aircraft at issue in this matter.

Respectfully submitted,

John J. Fausti
D.C. Bar No. 349811
Fausti & Associates, LLC
4301 Connecticut Avenue, NW
Suite 453

---

[4] It is plaintiffs' understanding that Government Liquidation retains a percentage of the overall price from each sale.  Therefore, Government Liquidation would also benefit if the aircraft at issue were not required to be destroyed by the purchaser.

9

Washington, DC  20008
(202) 237-0505 (phone)
(202) 237-7566 (fax)
jfausti@faustilaw.com

Of counsel:

Lisa Studtmann
Fausti & Associates, LLC
4301 Connecticut Avenue, NW
Suite 453
Washington, DC  20008
(202) 237-0505 (phone)
(202) 237-7566 (fax)
lisa@faustilaw.com

Kevin R. Garden
DC Bar No. 426745
THE GARDEN LAW FIRM, P.C.
901 N. Pitt Street
Suite 325
Alexandria, VA 22314
Telephone:   (703) 535-5565
Facsimile:    (703) 997-1330
Email: kevin@gardenlawfirm.com


Dated:  May 5, 2006