IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BROWN HELICOPTER, INC.,<br>10100 Ailerson Avenue<br>Pensacola, Florida 32560,<br><br>UNITED AERONAUTICAL CORP.,<br>7360 Laurel Canyon Boulevard<br>North Hollywood, CA 91605-3710,<br><br>ASSOCIATED AIRCRAFT MFG. & SALES, INC.,<br>784 N.W. 57th Court<br>Fort Lauderdale, Florida 33309,<br><br>DIXIE AIR PARTS SUPPLY, INC.<br>2048 West Malone Avenue<br>San Antonio, Texas  78225,<br><br>FIREHAWK HELICOPTERS , INC.<br>d/b/a BRAINERD HELICOPTERS<br>8850 Airport Boulevard<br>Leesburg, Florida 34788,<br><br>and<br><br>ALAMO AIRCRAFT, LTD.<br>P.O. Box 37343<br>San Antonio, Texas 78273<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No.  1:06CV00840<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Brown Helicopter, Inc., United Aeronautical Corp.,  Associated Aircraft Mfg.

& Sales, Inc., Dixie Air Parts Supply, Inc., Firehawk Helicopters Inc. d/b/a Brainerd

1

Helicopters, and Alamo Aircraft, Ltd, by and through its undersigned attorney, complain of defendant as follows:

## INTRODUCTION

1.  This Complaint concerns the actions of the United States Department of Defense, through its underlying agency Defense Reutilization and Marketing Service (DRMS), in selling as scrap twenty-seven-million (27,000,000) pounds of military aircraft in violation of applicable federal regulations.

## JURISDICTION AND VENUE

2.  The claims asserted herein arise under the Administrative Procedure Act, 5 U.S.C. §§ 500 *et seq.* and the Federal Property and Administrative Services Act of 1948, 40 U.S.C. § 527 *et seq.*

3.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2201 (declaratory judgment).

4.  Venue is proper in this Court under 28 U.S.C. § 1391(e) because a defendant in the action is an officer, employee or agency of the United States residing within this judicial district.

## PARTIES

*Plaintiffs*

5.      Plaintiff Brown Helicopter, Inc. is a buyer and seller of surplus aircraft spare parts located in Pensacola, Florida.

6.      Plaintiff United Aeronautical Corp. is a buyer and seller of surplus aircraft spare parts located in North Hollywood, California.

7.      Plaintiff Associated Aircraft Mfg. & Sales, Inc. is a buyer and seller of surplus aircraft spare parts located in Fort Lauderdale, Florida.

8.      Plaintiff Dixie Air Parts Supply, Inc. is a buyer and seller of surplus aircraft spare parts located in San Antonio, Texas.

9.   Plaintiff Firehawk Helicopters, Inc. d/b/a Brainerd Helicopters is a buyer and seller of surplus aircraft spare parts located in Leesburg, Florida.

10.     Plaintiff Alamo Aircraft, Ltd. is a buyer and seller of surplus aircraft spare parts located in San Antonio, Texas.

*Defendant*

11.     The United States Department of Defense is the oversight department for the Defense Reutilization and Marketing Service (DRMS), which is also within the Defense Logistics Agency.  DRMS is responsible for the sale of the military aircraft at issue in this Complaint.

## FACTUAL BACKGROUND

12.     For at least fifty (50) years, the federal government has been selling surplus or outdated government military aircraft to private industry.  These sales generally achieve two goals.  First, they provide funds to the United States Treasury by avoiding wasteful destruction of government property.  Second, they provide private industry with critical parts for use in various industries and for meeting the needs of friendly nations which use these aircraft for their own security and routinely need parts to keep them usable.

13.     Plaintiffs are in the business of purchasing surplus government property, such as the same types of military aircraft at issue in this matter, and reselling parts from those aircraft to qualified entities for various uses.  The aircraft at issue in this matter are in limited supply and their availability is critical to plaintiffs' continued viability, as well as being critical to those which purchase these parts through plaintiffs.

14.     Pursuant to a delegation of authority from the General Services Administration, DRMS

sells military aircraft when they are determined to no longer be needed by the government. 40 U.S.C. § 542; 41 C.F.R. Part 102-36.

15. In order to conduct these sales, DRMS implements a contract that it entered into with Government Liquidation, Inc. ("Government Liquidation"), and then Government Liquidation conducts the sales on behalf of the government pursuant to an online bidding procedure.

16. When a military aircraft or a component of the aircraft is deemed to be inappropriate for reselling because of its potential military use, there may be a requirement that the aircraft or component must be "demilitarized," which often means that it must be destroyed or otherwise rendered unusable for any military purposes.

17. There is a system of demilitarization codes that has been developed, and an appropriate code assigned to each Munitions List Item (MLI) to describe what, if any, restrictions or actual demilitarization requirements apply to each item. These codes, in addition to any demilitarization policy and procedures for all surplus military items which are owned, procured by, or under the control of the DoD, are contained in the Defense Demilitarization Manual.

18. DRMS is required by regulation to apply the appropriate demilitarization codes to components of surplus property for this purpose. 41 C.F.R. §§ 101-42.1102-8, 102-36.435.

19.     Appendix 3 of the Defense Demilitarization Manual describes the demilitarization codes.

20.     When an item is on the U.S. Munitions List ("USML"), or if the item is a part, repair part, component, subassembly, key point, etc., of an item appearing on the USML, it should be assigned a specific demilitarization code. The assignment of the particular code determines what will happen to the item. For example, items that are assigned as Code B do not need to be demilitarized, while those items that are assigned a Code D require total destruction.

21.     DRMS is currently offering as part of a single sale, through Government Liquidation, the following types of aircraft to which DRMS retains title: C141, C130, S3, A4, F14, T34, and H53. The aircraft total 27,000,000 pounds in weight. The government purchased these aircraft for many, many millions of dollars.

22.     The aircraft contain significant reusable parts which can be resold to other entities as replacement parts and which are not required to be demilitarized. In addition, the sale of these parts for subsequent resale would result in significant revenue to the government.

23.     Plaintiffs have purchased most of these same types of aircraft or the components on these aircraft from the government in the past, thus demonstrating that most of the aircraft are suitable and appropriate for resale.

24.     DRMS is requiring that these aircraft be destroyed by the purchaser as a condition of the sale and used solely for scrap purposes.  The destruction is to be accomplished by physically shredding the aircraft using a commercial shredder.  The shredding will permanently destroy the aircraft's use for purposes of spare parts or other useable commercial purposes.

25.     Notwithstanding the millions of dollars which the government spent to acquire these aircraft, the minimum bid for their sale is $50.

26.     However, there is no basis under federal law, the Code of Federal Regulations provisions referenced above, or under the Defense Demilitarization Manual, for the government to make the determination that all 27,000,000 pounds of aircraft as a whole are subject to a demilitarization code that requires the full destruction of the entire 27,000,000 pounds of aircraft.

27.     Instead, the Defense Demilitarization Manual requires that specific parts or items on these aircraft be assigned a demilitarization code, not entire aircraft.

28.     The government's proposed wholesale destruction of entire aircraft is contrary to the law, and is a waste and abuse of government resources.  It also ensures that the government will not receive the significant amount of money that could be received if these aircraft were sold for their parts, instead of for scrap.

29. Because the impending sale will result in the sale of government property at far less than its actual value, the government's action constitutes a violation of the criminal statues prohibiting the illegal sale or depredation of government property. 18 U.S.C. §§641, 1361.

30. The actions, findings and conclusions of the United States in requiring the complete demilitarization of the 27,000,000 pounds of aircraft without proper authority are arbitrary, capricious, an abuse of discretion, and are otherwise not in accordance with law, and as such are a violation of 5 U.S.C. §706.

## REQUEST FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant declaratory and injunctive relief against defendant as follows:

    a. Issue a judgment declaring that the actions of the United States Department of Defense in determining that there must be a complete demilitarization and destruction of the 27,000,000 pounds of aircraft is arbitrary, capricious, an abuse of discretion and not in accordance with law, and as such are a violation of 5 U.S.C. §706;

    b. Enjoin the United States Department of Defense from any further implementation of this auction, unless the requirements for full demilitarization

    as a condition of sale are removed, and there is full compliance with applicable law and regulation;

  c. Issue an order awarding plaintiffs their attorneys' fees and costs; and

  d. Issue an order granting plaintiffs such further relief as may be appropriate.

         Respectfully submitted,

         _____/s/_____
         John J. Fausti
         D.C. Bar No. 349811
         Fausti & Associates, LLC
         4301 Connecticut Avenue, NW
         Suite 453
         Washington, DC 20008
         (202) 237-0505 (phone)
         (202) 237-7566 (fax)
         jfausti@faustilaw.com
         Counsel for plaintiffs

Of counsel:

Lisa V. Studtmann
D.C. Bar No. 494632
Fausti & Associates, LLC
4301 Connecticut Avenue, NW
Suite 453
Washington, DC 20008
(202) 237-0505 (phone)
(202) 237-7566 (fax)
lstudtmann@faustilaw.com

Kevin R. Garden
DC Bar No. 426745
THE GARDEN LAW FIRM, P.C.
901 N. Pitt Street
Suite 325
Alexandria, VA 22314


Telephone: (703) 535-5565
Facsimile: (703) 997-1330
kevin@gardenlawfirm.com

Dated: May 30, 2006