IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

BROWN HELICOPTER, INC., UNITED )
AERONAUTICAL CORP., ASSOCIATED )
AIRCRAFT MFG. & SALES, INC., DIXIE )
AIR PARTS SUPPLY, INC., )
FIREHAWK HELICOPTERS , INC., )
d/b/a BRAINERD HELICOPTERS, and )
ALAMO AIRCRAFT, LTD., )
                                                                    ) Case No. 1:06CV00840 (JR)
        Plaintiffs, )
v. )
  )
UNITED STATES DEPARTMENT OF DEFENSE, )
  )
        Defendant. )
_____)

**OPPOSITION TO DEFENDANT'S MOTION FOR A ONE-DAY EXTENSION OF
TIME TO FILE AN OPPOSITION TO PLAINTIFFS' MOTION FOR A
<u>PRELIMINARY INJUNCTION</u>**

      The plaintiffs in the above-captioned matter respectfully oppose defendant's motion for an extension of time to file its response to plaintiffs' motion for a preliminary injunction. Under the current schedule approved by the Court, plaintiffs had only three (3) business days to review, research and reply to defendant's opposition before plaintiffs' reply was due. This short schedule was made necessary by defendant's impending sale and destruction of military surplus parts and its refusal to delay this sale and destruction beyond June 5, 2006. Defendant's motion for an enlargement will reduce the already very short period of time for plaintiffs' reply to merely two (2) days, thereby significantly prejudicing plaintiffs' ability to respond to defendant's apparently extensive opposition in any substantive manner.

      In contacting plaintiffs on the day its opposition was due to seek agreement for its enlargement request, defendant informed plaintiffs that it will be including extensive declarations in its opposition. Defendant stated that its enlargement request was due to the

need to incorporate its extensive declarations into its brief.[1]  Reviewing and replying to this significant amount of factual allegations will take a substantial amount of time.  Granting defendant's request (without changing the due date for plaintiffs' reply) will prejudice plaintiffs in this effort to reply.

Because the oral argument on plaintiffs' motion is currently scheduled for the next business day after plaintiffs' reply brief is due, any extension of the due date for plaintiffs' reply is currently not possible absent the Court's extension of the hearing date.  Defendant was aware of this fact when it sought its last-minute enlargement request.[2]  Thus, granting defendant its enlargement of time will result in shortening plaintiffs' time for replying, unless this Court extends the date on which plaintiffs' reply is due and the date for the hearing on this motion.

Plaintiffs would not oppose defendant's motion if the Court were to extend the due date for plaintiffs' reply to June 7, 2006 and extend the hearing date to June 9, 2006 or later, and further order defendant not to transfer possession or sell, transfer or convey in any manner any rights and title in the surplus military equipment which is at issue in this matter until after the Court issues a decision on plaintiffs' preliminary injunction motion.  Absent such an order, the preliminary injunction hearing would likely be rendered moot by defendant's sale and destruction of the surplus property at issue.  While defendant has previously voluntarily agreed

---

[1] Defendant's trial counsel initially agreed to provide plaintiffs with a draft of its opposition by the due date for defendant's opposition in order to minimize the prejudice to plaintiffs which would occur if the present schedule for pursuing the preliminary injunction were unchanged, which plaintiffs were reluctantly willing to accept to accommodate defendant's counsel. However, defendant's counsel then subsequently refused to provide such drafts, stating that doing so was against its internal policy.

[2] By filing its last-minute enlargement motion, and then not filing its opposition within the deadline established by the Court, defendant has effectively forced the Court to grant its enlargement motion.

not to transfer possession and allow the destruction of the property until the Court hearing date of June 5, 2006 (thus showing no prejudice will result from such delays), a Court order would be necessary to preclude it from such actions beyond that date.

For the reasons set forth above, plaintiffs respectfully request that the Court deny defendant's motion or, in the alternative, enlarge the time for plaintiffs' reply to June 7, 2006 and extend the hearing date to June 9, 2006 or later and issue an order precluding defendant from selling and allowing the destruction of the surplus property at issue until the Court has issued its ruling on the motion for a preliminary injunction.

                                                              Respectfully submitted,

                                                              _____/s/_____
                                                              John J. Fausti
                                                              D.C. Bar No. 349811
                                                              Fausti & Associates, LLC
                                                              4301 Connecticut Avenue, NW
                                                              Suite 453
                                                              Washington, DC  20008
                                                             (202) 237-0505 (phone)
                                                             (202) 237-7566 (fax)
                                                             *jfausti@faustilaw.com*
                                                             Counsel for Plaintiffs

Of counsel:

Lisa V. Studtmann
D.C. Bar No. 494632
Fausti & Associates, LLC
4301 Connecticut Avenue, NW
Suite 453
Washington, DC 20008
(202) 237-0505 (phone)
(202) 237-7566 (fax)
*lstudtmann@faustilaw.com*

Kevin R. Garden
DC Bar No. 426745
THE GARDEN LAW FIRM, P.C.

3

901 N. Pitt Street
Suite 325
Alexandria, VA 22314
Telephone: (703) 535-5565
Facsimile: (703) 997-1330
*kevin@gardenlawfirm.com*


Dated: May 31, 2006