UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BROWN HELICOPTER, INC.,** *et al.* | ) |
| Plaintiffs, | ) |
| v. | ) Civil Case No. 06-0840 (JR) |
| **UNITED STATES DEPARTMENT OF DEFENSE,** | ) |
| Defendant. | ) |

## JOINT STATUS REPORT

The Parties, through counsel, respectfully inform the Court of the status of the case and ongoing settlement discussions as follows.

The parties are currently discussing methods of sale of the aircraft and aircraft parts at issue that would allow sale of permissible aircraft parts while insuring those parts that require destruction are never released to the public in usable condition. After discussions between the parties regarding a possible settlement, defendants asked plaintiffs to propose a sales process which would be acceptable to them. In response, in early March, according to plaintiffs, plaintiffs proposed to defendant that the government issue solicitations for the sale of aircraft parts from existing whole aircraft pursuant to which the awardee would then travel to the location of the aircraft and remove the particular aircraft parts, under government supervision, which the awardee desired to resell. Plaintiffs further proposed that the government be required to use the DEMIL code which was in place at the time the contract was awarded when making a determination as to which parts could be removed for resale. In addition, plaintiffs proposed that the solicitations be on a plane-by-plane basis. In addition, plaintiffs proposed that the solicitations explicitly state the awardee may remove and resell any parts which fell under codes "A," "B" or "Q" of the DEMIL manual.

The Government received plaintiffs' proposal and is considering making a counter proposal which would involve a bifurcated sales process, whereby the Government would: (1) solicit bids for the right to purchase and remove usable parts from the U.S. Department of Defense (DoD)-owned airplanes; (2) award a contract to the successful bidder which would authorize the removal of parts subject to DoD's approval; (3) validate the part's status as salable to the public as determined by its DoD assigned demilitarization code; and (4) thereafter pass title.

As part of this process, the type and amount of property removed from the aircraft would be determined by the contractor. The Government's prime interest would be to ensure that DoD property that should not be sold to the public is never released. Property remaining from these aircraft after parts removal would be sold as scrap, with destruction of the property being a condition of sale, as the sale of any remaining property would be prohibited by DoD or it would not be economically viable to recover it.

At this time, the government is attempting to formulate a specific position after having preliminary discussions with Plaintiffs' counsel which it can then propose to the plaintiffs. The Parties are unable to assess the ultimate prospects for settlement of the case at this time.

Respectfully submitted,

| /s/ (JJF by OWM) | /s/ |
|---|---|
| John J. Fausti | JEFFREY A. TAYLOR, D.C. Bar # 498610 |
| D.C. Bar No. 349811 | United States Attorney |
| Fausti & Associates, LLC | |
| 4301 Connecticut Avenue, N.W., Suite 453 | /s/ |
| Washington, D.C. 20008 | RUDOLPH CONTRERAS, D.C. Bar # 434122 |
| (202) 237-0505 (phone) | Assistant United States Attorney |
| (202) 237-7566 (fax) | |
| jfausti@faustilaw.com | /s/ |
| | OLIVER W. McDANIEL, D.C. Bar #377360 |
| Kevin R. Garden, Esq. | Assistant United States Attorney |
| D.C. Bar No. 426745 | |
| The Garden Law Firm P.C. | |
| 901 N. Pitt Street, Suite 325 | |
| Alexandria, VA 22314 | |
| (703) 535-5565 (phone) | |
| (703) 997-1330 (fax) | |
| kevin@gardenlawfirm.com | |

Counsel for the Plaintiff

Dated: May 11, 2007